# EXHIBIT A

```
 1  WILLIAM M. CROSBY (SBN: 49357)
    13522 Newport Avenue, Suite 201
 2  Tustin, CA 92780
    Telephone: (714) 544-2493
 3  Facsimile: (714) 544-2497
    Email: wcrosby@wcrosbylaw.com
 4
    Attorney for Plaintiff
 5  SIENA FOGGETTI
```




FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF RIVERSIDE
JUL 09 2020
T. Downey

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF RIVERSIDE, SOUTHWEST JUSTICE CENTER

| | |
|---|---|
| SIENA FOGGETTI,<br><br>    Plaintiff,<br><br>v.<br><br>EMD MILLIPORE CORPORATION,<br>a Massachusetts corporation;<br>DOES I through X, inclusive,<br><br>    Defendants. | CASE NO. MCC2001261   **BY FAX**<br><br>COMPLAINT FOR DISABILITY DISCRIMINATION (GOV. CODE, § 12940(a)); FAILURE TO EFFECT REASONABLE ACCOMMODATION (GOV. CODE, § 12940(m)); FAILURE TO ENGAGE IN THE INTERACTIVE PROCESS TO EFFECT REASONABLE ACCOMMODATION (GOV. CODE, § 12940(n)); JURY TRIAL DEMAND |

Plaintiff alleges:

## SUMMARY OF CLAIMS

1. This is an action for damages by plaintiff against her former employer based on an egregious bad faith course of conduct that jeopardized plaintiff's health and deprived her of her valued employment interest by failing to effect reasonable accommodation of her work related disability, failing to engage in the required

1

---

COMPLAINT FOR DISABILITY DISCRIMINATION (GOV. CODE, § 12940(a)); FAILURE TO EFFECT REASONABLE ACCOMMODATION (GOV. CODE, § 12940(m)); FAILURE TO ENGAGE IN THE INTERACTIVE PROCESS TO EFFECT REASONABLE ACCOMMODATION (GOV. CODE, § 12940(n)); JURY TRIAL DEMAND

EXH. A-2

interactive process to effect such reasonable accommodation, and terminating her in reprisal for her having complained regarding such failure to effect reasonable accommodation. Plaintiff seeks compensatory damages, including economic damages for past and future loss of earnings and benefits, general damages for emotional distress, punitive damages, and statutory attorneys' fees.

PARTIES

2. At all times herein mentioned plaintiff SIENA FOGGETTI (hereinafter "plaintiff") was and is a resident of the County of Riverside, State of California.

3. Plaintiff is informed and believes and based on such information and belief alleges that at all times herein mentioned defendant EMD MILLIPORE CORPORATION (hereinafter "EMDMC") was and is a Massachusetts corporation engaged in the business of biotech life sciences, with its principal place of business located in Burlington, Massachusetts and authorized to do business and doing business in the County of Riverside, State of California.

4. Plaintiff is unaware of the true names and capacities, whether corporate, associate, individual, or otherwise, of defendants named as DOES I through X, inclusive. Pursuant to Code of Civil Procedure Section 474, plaintiff will seek leave of court to amend this complaint to state said defendants' true names and capacities when the same have been ascertained. Plaintiff is informed and believes and based upon such information and belief alleges that said fictitiously-named defendants are responsible in some manner for the

COMPLAINT FOR DISABILITY DISCRIMINATION (GOV. CODE, § 12940(a)); FAILURE TO EFFECT REASONABLE ACCOMMODATION (GOV. CODE, § 12940(m)); FAILURE TO ENGAGE IN THE INTERACTIVE PROCESS TO EFFECT REASONABLE ACCOMMODATION (GOV. CODE, § 12940(n)); JURY TRIAL DEMAND

EXH. A-3

injury and damages to plaintiff as further hereinafter alleged.

AGENCY

5. Plaintiff is informed and believes and upon such information and belief alleges that defendants, and each of them, at all times herein mentioned were the agents, employees, servants, joint venturers, and/or co-conspirators of the remaining defendants, and were acting in the course and scope of such agency, employment, joint venture, and/or conspiracy; that defendants, and each of them, were doing the things herein alleged, were the actual and/or ostensible agents of the remaining defendants and were acting within the course and scope of said agency; and that each and every defendant, as aforesaid, when acting as a principal, was negligent in selecting, hiring, supervising and continuing the employment of each and every defendant as an agent, employee or joint venturer; and/or that said defendants approved, supported, participated in, authorized, and/or ratified the acts and/or omissions of said employees, agents, servants, conspirators, and/or joint venturers.

6. Although plaintiff was assigned to work at defendant EMDMC by an outplacement agency which paid plaintiff's wages, defendant EMDMC exercised control over plaintiff's wages, hours and working conditions so as to be plaintiff's joint employer along with the outplacement agency. Martinez v. Combs (2010) 49 Cal.4th 35.

///
///
///

3

COMPLAINT FOR DISABILITY DISCRIMINATION (GOV. CODE, § 12940(a)); FAILURE TO EFFECT REASONABLE ACCOMMODATION (GOV. CODE, § 12940(m)); FAILURE TO ENGAGE IN THE INTERACTIVE PROCESS TO EFFECT REASONABLE ACCOMMODATION (GOV. CODE, § 12940(n)); JURY TRIAL DEMAND

EXH. A-4

FACTS

Plaintiff's Background as a Competent Quality Microbiology Technician:

7. Prior to her employment with defendant EMDMC, plaintiff had been employed for approximately 14 years with Abbott Laboratories in Temecula, California. During this time she consistently received favorable performance evaluations, "CAPA" certifications, awards for process improvement and cost improvement, and a plaque commemorating 10 years of outstanding performance. Following her layoff from Abbott Laboratories, plaintiff became employed pursuant to an eight month contract with Infineon Technologies, Inc. in February of 2018.

8. In September of 2019, plaintiff was assigned through Randstad Sourceright to work at defendant EMDMC as a production operations specialist at its Temecula facility under a six month contract. Again, plaintiff's performance was exemplary. She was told by Randstad Sourceright that because of the quality of her work, her contract with defendant EMDMC would be extended through December of 2020. This was also confirmed by her supervisor at defendant EMDMC, Joe Suppa ("Suppa"). Suppa further assured plaintiff that after her contract ended, she would be hired into a permanent position at defendant EMDMC.

///
///
///
///

4

COMPLAINT FOR DISABILITY DISCRIMINATION (GOV. CODE, § 12940(a)); FAILURE TO EFFECT REASONABLE ACCOMMODATION (GOV. CODE, § 12940(m)); FAILURE TO ENGAGE IN THE INTERACTIVE PROCESS TO EFFECT REASONABLE ACCOMMODATION (GOV. CODE, § 12940(n)); JURY TRIAL DEMAND

EXH. A-5

**Plaintiff's Complaints Regarding Her Exposure to Toxic Chemicals and Her Resultant Disability:**

9. Plaintiff's primary job duty was to remove labels from glass bottles and plastic containers that were used for research and development in defendant EMDMC's life science endeavors. The label removal process was facilitated through the use of Goo Gone adhesive remover. From the outset of plaintiff's employment, because of the amount of Goo Gone chemicals to which plaintiff was exposed, she and other employees experienced headaches, chest pain and difficulty breathing. Plaintiff's symptoms steadily worsened. On February 11, 2020 plaintiff began complaining to Suppa regarding her severe headaches, chest pains, nausea and vomiting. Plaintiff stated that she had experienced these symptoms intermittently since the beginning of her employment with defendant EMDMC. Plaintiff also complained to the Account Manager for Randstad Sourceright.

**Defendant EMDMC's Failure to Effect Reasonable Accommodation, and Plaintiff's Retaliatory Termination:**

10. On February 12, 2020, Rebecca Ricksters ("Ricksters"), an investigator from Randstad Sourceright, contacted plaintiff not regarding her complaints, but that of a co-employee, Amber Beauchamp, who was experiencing chest pains. Although Ricksters told plaintiff to attend a meeting that afternoon, she did not show up at the meeting. Nor did she respond to plaintiff's followup phone calls. The next day, February 13, 2020, plaintiff was barely able to work a full day. She returned home with a severe headache and vomited.

5

COMPLAINT FOR DISABILITY DISCRIMINATION (GOV. CODE, § 12940(a)); FAILURE TO EFFECT REASONABLE ACCOMMODATION (GOV. CODE, § 12940(m)); FAILURE TO ENGAGE IN THE INTERACTIVE PROCESS TO EFFECT REASONABLE ACCOMMODATION (GOV. CODE, § 12940(n)); JURY TRIAL DEMAND

EXH. A-6

11. On February 14, 2020, plaintiff did not feel well and was dizzy with a headache when she arrived at work. Despite further phone calls to Ricksters, she never heard back from her. Plaintiff went to the emergency room at Rancho Springs Medical Center later that morning. The emergency room doctor provided plaintiff with a note stating, "no inappropriate exposure to chemicals at work."

12. Following the ensuing three day weekend, plaintiff returned to work with the note containing the work restriction received from the emergency room doctor. Despite this note, plaintiff was assigned to the same job duties, again being exposed to the Goo Gone chemicals. At 9:08 that morning, plaintiff emailed Ricksters and advised that she had submitted a doctor's note to her supervisor, Suppa. Ricksters responded by telling plaintiff that she had not followed the proper protocol by either "informing Randstad Hotline or myself of your illness/injury in a timely manner." That was blatantly false, as plaintiff had informed Ricksters a week before and had repeatedly attempted to follow up with her. When Ricksters finally responded to plaintiff's call later that afternoon, Ricksters instructed plaintiff on how to fill out a workers' comp claim.

13. On February 19, 2020, a workers' comp doctor provided plaintiff with a note requiring "improve eye protection, ventilation and respiratory protective equipment while working with the goo gone product . . . refrain from being exposed to goo gone until symptoms are completely gone . . . ."

///

COMPLAINT FOR DISABILITY DISCRIMINATION (GOV. CODE, § 12940(a)); FAILURE TO EFFECT REASONABLE ACCOMMODATION (GOV. CODE, § 12940(m)); FAILURE TO ENGAGE IN THE INTERACTIVE PROCESS TO EFFECT REASONABLE ACCOMMODATION (GOV. CODE, § 12940(n)); JURY TRIAL DEMAND

14. The following day, Ricksters sent plaintiff back to workers' comp due to her having been to the emergency room yet another time the previous evening after experiencing numbness in her right leg and tingling in her left foot. Plaintiff was sent for further evaluation by the workers' comp doctor, and was not allowed to return to work that day. When Ricksters did not return her call the next morning, February 21, 2020, plaintiff went to work. At Suppa's instruction, she wore a respiratory mask. Without plaintiff even being able to test the use of the respiratory mask, Ricksters sent her home.

15. Thereafter plaintiff was told that they would consider transferring her to another department, or provide her with a respiratory device that would be safe to use with the Goo Gone chemicals. However, before plaintiff could consider either of these accommodations, on February 24, 2020 plaintiff was requested to sign a Compromise & Release in return for payment of a paltry sum.

16. Defendant EMDMC at no time fulfilled its affirmative duty under California law to engage plaintiff in the interactive process to determine whether a reasonable accommodation could be effected. Government Code, § 12940(m) and (n); Fisher v. Superior Court (1986) 177 Cal.App.3d 779, 783; 2 California Code of Regulations, § 11069(a). Plaintiff was told that she could not be accommodated and should not return to work.

///
///
///

7

COMPLAINT FOR DISABILITY DISCRIMINATION (GOV. CODE, § 12940(a)); FAILURE TO EFFECT REASONABLE ACCOMMODATION (GOV. CODE, § 12940(m)); FAILURE TO ENGAGE IN THE INTERACTIVE PROCESS TO EFFECT REASONABLE ACCOMMODATION (GOV. CODE, § 12940(n)); JURY TRIAL DEMAND

EXH. A-8

17. Plaintiff experienced severe anxiety and depression as a result of her discriminatory and wrongful termination. Plaintiff has been unable to find comparable employment despite a diligent job search and the Coronavirus pandemic.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

18. On May 21, 2020, plaintiff filed a Complaint against defendant EMDMC with the Department of Fair Employment and Housing ("DFEH"). A copy thereof is attached hereto as **Exhibit A**. Thereafter on May 21, 2020 the DFEH issued a "right to sue" letter. A copy thereof is attached hereto as **Exhibit B**. Plaintiff has therefore exhausted her administrative remedies as a precondition to filing this action.

## FIRST CAUSE OF ACTION

(Disability Discrimination (Gov. Code, § 12940(a)))

19. Plaintiff hereby realleges and incorporates by reference paragraphs 1 through 18 as if set forth in full.

20. On February 24, 2020 defendant EMDMC violated Government Code, § 12940(a), in that a substantial motivating factor in the decision to terminate plaintiff was discriminatory animus based on plaintiff's actual and/or perceived disability.

21. As a direct and proximate result of said discrimination, plaintiff sustained economic damages for past and future loss of earnings and benefits, according to proof.

///

///

8

COMPLAINT FOR DISABILITY DISCRIMINATION (GOV. CODE, § 12940(a)); FAILURE TO EFFECT REASONABLE ACCOMMODATION (GOV. CODE, § 12940(m)); FAILURE TO ENGAGE IN THE INTERACTIVE PROCESS TO EFFECT REASONABLE ACCOMMODATION (GOV. CODE, § 12940(n)); JURY TRIAL DEMAND

EXH. A-9

22. As a further direct and proximate result of said discrimination, plaintiff sustained general damages for severe mental and emotional distress.

23. Defendant EMDMC acted with malice and oppression toward plaintiff and with conscious and wanton disregard of plaintiff's rights and safety, and defendant EMDMC should therefore be assessed punitive and exemplary damages in sums sufficient to punish it and set an example in view of its financial condition.

24. Plaintiff is further entitled to an award of statutory attorneys' fees pursuant to Government Code, § 12965(b).

SECOND CAUSE OF ACTION

(Failure to Effect Reasonable Accommodation (Gov. Code, § 12940(m)))

25. Plaintiff hereby realleges and incorporates by reference paragraphs 1 through 18 as if set forth in full.

26. By virtue of the conduct described at paragraphs 9 through 15 above, defendant EMDMC violated Government Code, § 12940(m) by failing to effect reasonable accommodation for plaintiff's actual and/or perceived disability.

27. As a direct and proximate result of said failure to effect reasonable accommodation, plaintiff sustained economic damages for past and future loss of earnings and benefits, according to proof.

28. As a further direct and proximate result of said failure to effect reasonable accommodation, plaintiff sustained general damages for severe mental and emotional distress.

///

9

COMPLAINT FOR DISABILITY DISCRIMINATION (GOV. CODE, § 12940(a)); FAILURE TO EFFECT REASONABLE ACCOMMODATION (GOV. CODE, § 12940(m)); FAILURE TO ENGAGE IN THE INTERACTIVE PROCESS TO EFFECT REASONABLE ACCOMMODATION (GOV. CODE, § 12940(n)); JURY TRIAL DEMAND

EXH. A-10

29. Defendant EMDMC acted with malice and oppression toward plaintiff and with conscious and wanton disregard of plaintiff's rights and safety, and defendant EMDMC should therefore be assessed punitive and exemplary damages in sums sufficient to punish it and set an example in view of its financial condition.

30. Plaintiff is further entitled to an award of statutory attorneys' fees pursuant to Government Code, § 12965(b).

### THIRD CAUSE OF ACTION

(Failure to Engage in the Interactive Process to Effect Reasonable Accommodation (Gov. Code, § 12940(n)))

31. Plaintiff hereby realleges and incorporates by reference paragraphs 1 through 18 as if set forth in full.

32. By virtue of the conduct described at paragraphs 9 through 16 above, defendant EMDMC violated Government Code, § 12940(n) by failing to engage plaintiff in the interactive process to effect reasonable accommodation for plaintiff's actual and/or perceived disability.

33. As a direct and proximate result of said failure to engage in the interactive process to effect reasonable accommodation, plaintiff sustained economic damages for past and future loss of earnings and benefits, according to proof.

34. As a further direct and proximate result of said failure to engage in the interactive process to effect reasonable accommodation, plaintiff sustained general damages for severe mental and emotional distress.

///

COMPLAINT FOR DISABILITY DISCRIMINATION (GOV. CODE, § 12940(a)); FAILURE TO EFFECT REASONABLE ACCOMMODATION (GOV. CODE, § 12940(m)); FAILURE TO ENGAGE IN THE INTERACTIVE PROCESS TO EFFECT REASONABLE ACCOMMODATION (GOV. CODE, § 12940(n)); JURY TRIAL DEMAND

EXH. A-11

35. Defendant EMDMC acted with malice and oppression toward plaintiff and with conscious and wanton disregard of plaintiff's rights and safety, and defendant EMDMC should therefore be assessed punitive and exemplary damages in sums sufficient to punish it and set an example in view of its financial condition.

36. Plaintiff is further entitled to an award of statutory attorneys' fees pursuant to Government Code, § 12965(b).

## PRAYER

WHEREFORE plaintiff prays judgment against defendants as follows:

1. For economic damages, according to proof;
2. For general damages, according to proof;
3. For punitive damages, according to proof;
4. For statutory attorneys' fees;
5. For costs of suit incurred; and,
6. For such further relief as the Court deems proper.

Dated: July 7, 2020

*/s/ WILLIAM M. CROSBY*
WILLIAM M. CROSBY
Attorney for Plaintiff
SIENA FOGGETTI

## JURY TRIAL DEMAND

Plaintiff SIENA FOGGETTI hereby demands trial by jury of the above cause.

Dated: July 7, 2020

*/s/ WILLIAM M. CROSBY*
WILLIAM M. CROSBY
Attorney for Plaintiff
SIENA FOGGETTI

11

COMPLAINT FOR DISABILITY DISCRIMINATION (GOV. CODE, § 12940(a)); FAILURE TO EFFECT REASONABLE ACCOMMODATION (GOV. CODE, § 12940(m)); FAILURE TO ENGAGE IN THE INTERACTIVE PROCESS TO EFFECT REASONABLE ACCOMMODATION (GOV. CODE, § 12940(n)); JURY TRIAL DEMAND

EXH. A-12

# EXHIBIT A

## TO COMPLAINT

EXH. A-13

COMPLAINT OF EMPLOYMENT DISCRIMINATION
BEFORE THE STATE OF CALIFORNIA
DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING
Under the California Fair Employment and Housing Act
(Gov. Code, § 12900 et seq.)

In the Matter of the Complaint of
Siena Foggetti

DFEH No. 202005-10218921

Complainant,

vs.

EMD Millipore Corporation
400 Summit Dr.
Burlington, Massachusetts 01803

Respondents

1. Respondent **EMD Millipore Corporation** is an **employer** subject to suit under the California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.).

2. Complainant **Siena Foggetti**, resides in the City of **Murrieta** State of **California**.

3. Complainant alleges that on or about **February 21, 2020**, respondent took the following adverse actions:

**Complainant was discriminated against** because of complainant's disability (physical or mental) and as a result of the discrimination was terminated, denied reasonable accommodation for a disability, other.

**Complainant experienced retaliation** because complainant requested or used a disability-related accommodation and as a result was terminated, denied reasonable accommodation for a disability, other.

**Additional Complaint Details:**

-1-
Complaint – DFEH No. 202005-10218921

Date Filed: May 21, 2020

EXH. A-14

VERIFICATION

I, **William M. Crosby**, am the **Attorney** in the above-entitled complaint. I have read the foregoing complaint and know the contents thereof. The matters alleged are based on information and belief, which I believe to be true.

On May 21, 2020, I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

                 **Tustin, California**

-2-
Complaint – DFEH No. 202005-10218921

Date Filed: May 21, 2020

EXH. A-15

# EXHIBIT B

## TO COMPLAINT

EXH. A-16



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency     GAVIN NEWSOM, GOVERNOR

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**     KEVIN KISH, DIRECTOR
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
(800) 884-1684 (Voice) | (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov | Email: contact.center@dfeh.ca.gov

May 21, 2020

Siena Foggetti
29317 Branwin Street
Murrieta, California 92563

RE: **Notice of Case Closure and Right to Sue**
DFEH Matter Number: 202005-10218921
Right to Sue: Foggetti / EMD Millipore Corporation

Dear Siena Foggetti,

This letter informs you that the above-referenced complaint was filed with the Department of Fair Employment and Housing (DFEH) has been closed effective May 21, 2020 because an immediate Right to Sue notice was requested. DFEH will take no further action on the complaint.

This letter is also your Right to Sue notice. According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The civil action must be filed within one year from the date of this letter.

To obtain a federal Right to Sue notice, you must contact the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of this DFEH Notice of Case Closure or within 300 days of the alleged discriminatory act, whichever is earlier.

Sincerely,


Department of Fair Employment and Housing

EXH. A-17